## MOYER *v.* The COMMONWEALTH.

An indictment under the act of 1824 and 1833, (to prevent the destruction of timber,) requires no greater particularity in the description of the land than a *narr.* in actions of trespass, or ejectment at common law.

Hence, where the indictment laid the cutting of the timber to have been at the township of P., county aforesaid, upon the lands of certain persons to the inquest unknown, defendants well knowing the trees to be growing on the lands of another person, and that the land did not belong to defendants, or any one by whom they were authorized, it was held to be a sufficient description of the lands, within the acts.

In error from the Quarter Sessions of Carbon.

*March* 22. Indictment for cutting timber under the acts of 1824 and 1833. The count on which the verdict was entered averred that defendants, on, &c., at the township of Penn Forrest, in the county aforesaid, did enter upon the lands of certain persons to the inquest aforesaid unknown, there situate, and then and there, without the consent of the owners of the said last-mentioned lands, did cut down and fell, and cause to be cut down and felled, &c., (describing the timber,) they, the said defendants, then and there well knowing *that* the said last-mentioned trees to be growing on the lands of another person, and that the land on which the same were growing did not belong to them, the said defendants, or either of them, or to any person by whom the said defendants, or either of them, *was* authorized, to the great damage, &c.

The errors assigned were : Generality—all the lands in the township being embraced. The title should have been laid in persons named.

*Wheeler* and *Dimick,* for plaintiff in error.—The locality is so uncertainly described that the party is called upon to defend for the whole county; 6 Serg. & Rawle, 5; 5 Barr, 65. The act of 1833 does not obviate the necessity of showing title in some one, and consequently of an averment of that fact; Rex *v.* Robinson, 1 Holt N. P. 595; 2 East Cr. Law, 651. There are also dis-

tinct offences laid, either of which are sufficient to authorize a conviction.

*J. M. Porter*, contrà.—The object of the act was to punish the cutting of timber on any lands known not to belong to the offenders. For this purpose, a description as full as is required in trespass or ejectment, is all that is needed. The place is in general immaterial.

PER CURIAM.—The legislature never intended that an indictment on the act for the preservation of timber trees, should be so special as to defeat the end proposed. The public at large has an interest in the prosecution; for on no other ground could the destruction of timber be declared a public wrong. The committing magistrate is required to issue the warrant of arrest on complaint by the owner; but there was no design to prevent a prosecution by any one else, for no part of the fine is given to him. The design was to prevent trespasses on wild lands, which, by reason of their remoteness from the settlements, are peculiarly open to depredation. But it would be impossible for any one but the owner to individuate a particular tract. To describe it by natural marks would be impossible; and even the township could sometimes be ascertained only by running its lines, and the legislature certainly did not intend to burden a prosecution with an expense that would utterly discourage it. It meant to exact no greater certainty of description than is required in an action of trespass, or in a declaration in ejectment at the common law; and, as the present description would be good in either, it is good in this indictment.

Judgment affirmed.